IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ADOLFO RAMOS**,

            Plaintiff,

      v.

**CAROLYN W. COLVIN**,
Acting Commissioner of the Social Security
Administration,

           Defendant.

_____

**Civ. No. 3:13-cv-01214-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

      Plaintiff Adolfo Ramos brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). The issue before this Court is whether the Administrative Law Judge (ALJ) erred by including more restrictive limitations in his written residual functional capacity findings (RFC1) than in the hypothetical question (RFC2) posed to the vocational expert (VE).[1] Because the record is too ambiguous to credit either RFC1 or RFC2, the Commissioner's decision is REVERSED and this matter is REMANDED for further proceedings.

## PROCEDURAL AND FACTUAL BACKGROUND

      Plaintiff applied for DIB on March 2, 2010, alleging disability since June 23, 2009. Tr. 28, 174–180. This claim was denied initially and upon reconsideration. Tr. 28, 84–92, 94–101.

---

[1] This Court declines to discuss plaintiff's alternative arguments.

1 – OPINION AND ORDER

Plaintiff timely requested a hearing before an ALJ, and appeared before the Honorable Paul G. Robeck on December 16, 2011. Tr. 28, 42–83. ALJ Robeck denied plaintiff's claim by a written decision dated January 6, 2012. Tr. 28–35. Plaintiff sought review from the Appeals Council, which was subsequently denied, thus rendering the ALJ's decision final. Tr. 1–3. Plaintiff now seeks judicial review.

Plaintiff, born on February 14, 1957, tr. 48, 174, completed the second grade in Mexico, tr. 64, 205, and worked most recently for Warn Industries as an assembly worker (2001–2009), tr. 71, 192. Plaintiff was fifty-two at the time of alleged disability onset, and fifty-four at the time of his hearing. *See* tr. 48, 174.[2] Plaintiff alleges disability due to: a herniated lumbar disk; osteoarthritic right knee; migraine headaches; depression; suicidal ideation; and a left-eye pterygium with reduced vision, chronic irritation and redness. Pl.'s Br. 3, ECF No. 15.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence on the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). To determine whether substantial evidence exists, this Court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The initial burden of proof rests

---

[2] Plaintiff was a "person closely approaching advanced age" at the time of alleged disability onset and at the time of administrative hearing. *See* 20 C.F.R. § 404.1563(d).

2 – OPINION AND ORDER

upon the claimant to meet the first four steps. If a claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's RFC, age, education, and work experience. *Id.*

Plaintiff contends that he is unable to perform his past relevant work as an assembly worker (DOT § 806.684-010) under RFC1 because he is presumptively disabled under the Medical Vocational Guidelines (the Grids). *See* Pl.'s Reply Br. 1–4, ECF No. 24. In response, defendant contends that RFC1 was the result of a scrivener's error and that the ALJ intended to adopt the less restrictive RFC2 proposed during the administrative hearing. Def.'s Br. 4, ECF No. 20. This Court looks to the record.

The ALJ, in RFC1, found "that the claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) *except the claimant can lift up to ten pounds.*" Tr. 31 (emphasis added). In making this determination, the ALJ explicitly relied on the opinions of Drs. Cowan and Kehrli. *See* tr. 33–34.

Dr. Cowan conducted a thirty-minute examination of plaintiff on May 26, 2010. *See* tr. 285–289. As a result of that examination, Dr. Cowan restricted plaintiff to lifting or carrying 10 pounds frequently and 20 pounds occasionally. Tr. 289. On October 13, 2010, Dr. Kehrli, a non-examining agency consultant, affirmed this restriction but added additional exertional and postural limitations.[3] *See also* tr. 90–91 (On June 11, 2010, Dr. Alley articulated an RFC

---

[3] Those additional limitations restricted plaintiff to: standing and/or walking six hours in an eight hour work day; sitting six hours in an eight hour work day; occasional climbing of ramps/stairs; occasional climbing of ladders/ropes/scaffolds; occasional stooping; occasional crouching; and occasional crawling. *See* tr. 99.

identical to that of Dr. Kehrli.). The ALJ, having considered both opinions, accorded more weight to Dr. Cowan's opinion and explained:

> Dr. Kehrli reviewed the record and proffered an opinion that is generally consistent with the objective medical evidence. While I do not believe the objective medical evidence warrants all of the limitations proposed by Dr. Kehrli, the [RFC] finding nevertheless incorporates elements of his assessment. Accordingly, I afford significant weight to Dr. Kehrli's opinion, but it receives less weight than Dr. Cowan's opinion.

Tr. 34.

During the administrative hearing, the ALJ made statements that appeared to adopt Dr. Cowan's opinion. In particular, the ALJ posed RFC2 to the Vocational Expert (VE):

> So, if I told you that Mr. Ramos could do work at the light level-actually, the only restriction that he would have would be that he could lift 10 pounds frequently and 20 pounds occasionally. There are no other limitations, either in standing, walking, sitting, postural activities, or other manipulative or workplace environmental limitations. Could he do his past work, as performed?

Tr. 73. In response to this hypothetical, the VE indicated that plaintiff was capable of performing his past work as an assembly worker (DOT § 806.684-010). Tr. 73. The ALJ adopted this VE testimony in his written decision and determined that plaintiff was capable of performing the assembly worker position as actually performed. Tr. 35.[4]

Defendants contend, on the basis of this portion of the record, that "this Court can reasonably infer that the ALJ's actual [RFC] finding—[RFC2]—is evident throughout the ALJ's

---

[4] The ALJ explained:

> In comparing the claimant's [RFC] with the physical and mental demands of this work, I find that the claimant is able to perform it as actually performed. The [VE] testified that given the claimant's [RFC], he is able to perform his past relevant work. The [VE]'s testimony is credible.

Tr. 35.

4 – OPINION AND ORDER

decision." Def.'s Br. 5, ECF No. 20. This Court, although receptive to defendant's argument, finds that the record is too ambiguous to credit either RFC1 or RFC2.

First, the ALJ's alleged scrivener's error is not an isolated incident. At the conclusion of the ALJ's written RFC analysis, the ALJ found: "the claimant retains the [RFC] for the range of *modified* light exertion identified above." Tr. 34 (emphasis added). This finding undermines defendant's assertion that the ALJ intended to adopt RFC2, which is a restriction to *unmodified* light work.[5]

Second, evidence in the record appears to suggest that some form of *modification* to light work may be necessary, albeit, not the weight restriction identified in RFC1.[6] For example, Drs. Alley and Kehrli identified additional exertional and postural limitations in their RFC findings. *See* tr. 90–91, 99; *see also* tr. 339 (On April 14, 2005, Sara Kauffman, FNP, concluded that plaintiff should avoid "repetitive bending, stooping, twisting or lifting."). These additional exertional and postural limitations are largely consistent with plaintiff's own testimony. *See* tr. 65 ("[S]ometimes I bend over and then . . . I get stuck, I can't straighten up.").

Third, this Court's decision whether to credit RFC1 or RFC2 is possibly outcome determinative. If RFC1 is credited, then plaintiff may be limited to sedentary work. *Compare* 20

---

[5] 20 C.F.R. § 404.1567(b) provides:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

[6] This Court, having reviewed the record, is not aware of any medical opinion restricting plaintiff to lifting or carrying 10 pounds. Plaintiff's own testimony, however, can be interpreted as supportive of such a limitation. *See* tr. 59–60, 64–65.

C.F.R. § 404.1567(a) (sedentary work), *with* 20 C.F.R. § 404.1567(b) (light work). If plaintiff is limited to sedentary work, then he is also disabled under Grid § 201.10[7] because of his age ("closely approaching advanced age"), limited education, and non-transferable skills. *See Calvin v. Heckler*, 782 F.2d 802, 804 (9th Cir. 1986) ("Had [plaintiff] been 50 years old, grid 201.10 would have applied, requiring a finding of 'disabled.'" (citation omitted)).

Fourth, defendant's cited case law is distinguishable. In *Bamforth v. Colvin*, the district court determined that the ALJ's omission of "simple, repetitive tasks" in the written RFC finding was harmless because it was explicitly included in the only hypothetical posed to the vocational expert. C13–5618BHS, 2014 WL 2711827, at *2–3 (W.D. Wash. June 16, 2014). In contrast, in this matter, the ALJ's written RFC is *more* restrictive than the RFC posed to the VE. As a result, this Court cannot determine whether the ALJ properly relied upon the VE testimony. *See Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) ("If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the . . . testimony has no evidentiary value[.]" (citations and internal quotation marks omitted)).

In both *Looman v. Colvin*[8] and *Garcia v. Astrue*,[9] the district courts determined that the respective errors were harmless because they did not alter the ultimate disability finding. For example, in *Garcia*, the ALJ's written RFC included an option to sit, stand or walk, but his hypothetical question to the VE omitted the "or walk limitation." 2010 WL 3729975, at *4. The district court determined that "the ALJ's error with respect to the difference between his assessed RFC and the hypothetical is harmless because correcting it would not change the outcome." *Id.*

---

[7] 20 C.F.R. Pt. 404, Sub. Pt. P, App. 2, § 201.10.
[8] No. EDCV 13-193 JC, 2013 WL 4500465, at *4 (C.D. Cal. Aug. 20, 2013).
[9] No. CV–09–3074–JPH, 2010 WL 3729975, at *4 (E.D. Wash. Sept. 20, 2010).

Unlike in both *Looman* and *Garcia*, this Court's decision whether to credit RFC1 or RFC2 is likely *outcome determinative*.

Accordingly, this Court finds that the record is too ambiguous to credit either RFC1 or RFC2 and REMANDS this matter for further proceedings.

## CONCLUSION

For these reasons, the Commissioner's final decision is REVERSED and this matter is REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings. It is hereby ordered, upon remand:

**1.** The ALJ shall make new findings under step two and three of the sequential evaluation;

**2.** The ALJ shall reevaluate the medical source opinions;

**3.** The ALJ shall reevaluate "other source"[10] evidence;

**4.** The ALJ shall reevaluate plaintiff's credibility;

**5.** The ALJ shall reevaluate plaintiff's RFC; and

**6.** The ALJ shall make new findings under step four and five of the sequential evaluation.

IT IS SO ORDERED.

DATED this 23rd day of February, 2015.

**Michael J. McShane**
**United States District Judge**

---

[10] Sara Kauffman, F.N.P., is an "other source" pursuant to 20 C.F.R. § 404.1513(d). To disregard such lay testimony, an ALJ need "give reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citation omitted); *see also* SSR 06-03P, 2006 WL 2329939, at *4–6 (Aug. 9, 2006).